West'n Dis'ct
October, 1826

———

### HOOTER'S HEIRS vs. TIPPETT.

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court   The plaintiffs state that they are the heirs of the late Jacob Hooter, who in his lifetime  presented a requete, for a tract of land on the left  bank of the Bayou Rapides, containing ten arpents in front, with the ordinary depth of forty : that he had it surveyed by an authorised surveyor under the Spanish government, and that the claim founded on these proceedings, was regularly entered  with the register of the land office in the name of the estate of Jacob Hooter.

They further state, that the defendant, after this entry was made, procured an illegal sale to be made of the said tract of land, by the judge of probates of the parish of Rapides, and prevailed upon the commissioners of the United States to issue a certificate in conformity with said sale in the name of the defendant.

The petitioner concludes with a prayer that

In a suit for land  where the pretentions of the parties are alike in law and equity, he who is in possession will prevail.

the plaintiffs may have possession adjudged to them and that the title may be decreed to be in them.

The answer denies all the allegations in the petition, avers title in the defendant, under the commissioner's certificate ; by prescription of ten years under a just title. That the land was settled previous to the 20th December, 1803, by permission of the Spanish authority by defendant. That the title of the plaintiffs has been acquired by him in virtue of the sale by the court of probates in the year 1808, and concludes by a prayer that he may be reimbursed for valuable improvements which he has made on the premises.

The judge below decided against the plaintiffs, and they appealed.

The evidence shows that a *requete* issued in the name of the plaintiff's ancestor, that it was entered in the land office in their name, and that a certificate issued in favor of defendant. The commissioners state that the U. States relinquish their title, in consequence of the requete already mentioned, and proof of settlement on or previous to the 20th of December, 1803.

But this settlement is proved to have been

made by the defendant, and in his own name.
There is no evidence that the plaintiffs ever
occupied, or cultivated the land in question,
or that the survey which they allege in the pe-
tition was made.

This case presents a conflict between two
parties, each presenting the weakest title to
the soil that can be well imagined. The
plaintiffs shew permission to settle without
settlement, and the defendant settlment
without permission. The plaintiffs have ob-
tained no relinquishment of soil from the gov-
ernment of the United tates, and that produ-
ced in favor of the defendant was issued on
the settlement by him it is true, but also
on the *requete* of the plaintiff's ancestor. Un-
der such circumstances, we consider the
pretentions of each about equal in law and
equity, and the defendant being in possession
cannot be disturbed.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be affirmed with costs.

*Baldwin* for the plaintiffs, *Wilson* for the
defendant.